A. T. FISHER, W. B. SANDERS and L. L. WILLIAMS v.
THE W. T. RAWLEIGH COMANY.

193 So. 747
Division A
Opinion Filed February 9, 1940

*Gaines & Futch,* for Appellants;

*Lovick P. Williams,* for Appellee.

BUFORD, J.—We here review decree dissolving temporary restraining order and dismissing bill of complaint.

Bill of complaint was filed in a suit seeking to enjoin the levy of an execution in Lake County based on a judgment rendered in Citrus County and recorded in Lake County.

The court below granted temporary restraining order and on motion dissolved the order and dismissed the bill of complaint.

. This is a collateral attack on the judgment. Unless the judgment is void, such attack cannot prevail.

Plaintiff in error presents the following question:

"Does a minute entry which makes no reference to the verdict and which does not by any words of reference or continuity recognize the verdict and which does not authorize any recovery or in any way adjudicate any issue constitute a judgment upon which execution can issue sufficient to authorize the sale of lands under levy of such execution?"

The question as stated appears not to be supported by the record. The record shows the following proceedings in the Circuit Court in and for Citrus County:

"Sheriff opened the court and the following case has been set on the Civil Trial Docket for the above date:

"The W. T. Rawleigh Company, a corporation organized and doing business under the laws of the State of Illinois, Plaintiffs, v. Lucious D. Lewis, L. L. Williams, W. B. Sanders and A. T. Fisher, Defendants. Civil Action Damages $1,000.00.

"The plaintiff announced ready.

"The defendants were not present, nor represented. Their counsel had been notified that the case was set for trial.

"The following jury was called to try the issues of this case:

"1.   W. C. Priest
"2.   Alvin Brooks
"3.   J. W. Johns
"4.   B. T. Keating
"5.   Geo. T. Condrey
"6.   T. H. Aide

who were examined as to their qualifications as jurors in this case and were accepted and sworn by the clerk to try the issues thereof. The issues in the case were presented to the jury by E. C. Johnston, attorney for plaintiff.

"The court instructed a verdict and the jury retired to their room and after deliberation returned in open court and presented their verdict to the court as follows:

*"Verdict*

"We, the jury, find for the plaintiff in the principal amount of $213.07 and interest from Nov. 16th, 1931, to April 15th, 1936, in the sum of $56.43, making a total of $269.50 together with the costs in the case to be assessed by the clerk.

"B. T. Keating,
"Foreman

"The above verdict was styled on the top thereof:

"The W. T. Rawleigh Company, a corporation organized and doing business under the laws of the State of Illinois, Plaintiffs, v. Lucious D. Lewis, L. L. Williams, W. B. Sanders and A. T. Fisher, Defendants. Civil Action Damages $1,000.00.

"This verdict was determined to be in proper form by the court, and after having been read by the clerk, was ordered accepted and filed, and the jury was discharged.

"The court entered the following judgment in this case:

"It Is Ordered, Adjudged and Decreed that the plaintiff, The W. T. Rawleigh Company, a corporation, organized and doing business under the State of Illinois, have, of and from the defendants, Lucious D. Lewis, L. L. Williams, W. B. Sanders and A. T. Fisher the principal amount of $213.07 and interest from Nov. 16th, 1931, to April 15th, 1936, in the sum of $56.43, making a total of $269.50, together with the costs in the case assessed by the clerk in the amount of $15.05.

"For Which Let Execution Issue.

"Attest: James E. Conner, Clerk.

"Fred L. Stringer, Judge."

The judgment might have been more explicit had it read: "The W. T. Rawleigh Company, a corporation organized and doing business under the laws of the State of Illinois, *do* have *and* recover of and from the defendants Lucious D. Lewis," etc., but the addition of the suggested words above italicized would have constituted a matter of form and not of substance.

The judgment by which it is definitely Ordered, Adjudged and Decreed that the plaintiffs have of and from the defendants is a complete adjudication that the plaintiffs

are adjudged to be entitled to and are awarded the judgment.

The record shows the entry of the verdict and it also shows that the judgment followed the verdict. So, the decree should be affirmed and it is so ordered,

Affirmed.

TERRELL, C. J., and THOMAS, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.